GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ, SBN 255976
   blutz@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200

JESSICA VALENZUELA, SBN 220934
   jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

COLIN B. DAVIS, SBN 273942
   cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Nominal Defendant Block, Inc. and Defendants Jack Dorsey, Amrita Ahuja, Roelof Botha, Amy Brooks, Shawn Carter, Paul Deighton, Randy Garutti, James Mckelvey, Mary Meeker, Anna Patterson, Sharon Rothstein, Lawrence Summers, and David Viniar*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES KELLY, Derivatively on Behalf of BLOCK, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK DORSEY, AMRITA AHUJA, ROELOF BOTHA, AMY BROOKS, SHAWN CARTER, PAUL DEIGHTON, RANDY GARUTTI, JAMES MCKELVEY, MARY MEEKER, ANNA PATTERSON, SHARON ROTHSTEIN, LAWRENCE SUMMERS, and DAVID VINIAR, <br><br> Defendant. <br><br> and <br><br> BLOCK INC., <br>            Nominal Defendant. | CASE NO. 4:25-cv-03615-KAW <br><br> **BLOCK INC.'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** <br><br> Date Action Filed: April 24, 2025 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Nominal Defendant Block, Inc. ("Block" or the "Company") submits this response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  On April 24, 2025, Plaintiff filed the Verified Shareholder Derivative Complaint ("Complaint").  Dkt. 1.  Plaintiff also filed an administrative motion seeking to file certain portions of the Complaint referring to Block's confidential information under seal.  Dkt. 3.  Specifically, Plaintiff's motion seeks to seal portions of the Complaint derived from records Block provided to Plaintiff under Section 220 of the Delaware General Corporation Law, which, as authorized by Delaware law, were produced pursuant to a confidentiality agreement between the parties.  *Id.*; Declaration of Brian M. Lutz in Response to Plaintiff's Administrative Motion to Seal Portions of Verified Shareholder Derivative Complaint ("Lutz Decl.") ¶¶ 2–3.

The confidential materials quoted or otherwise referenced in the Complaint include Board of Director ("Board") and Audit and Risk Committee minutes and materials, sensitive information about Block's proprietary anti-fraud and risk control systems, and details about Block's business strategies, practices, and operations.  Public disclosure of this information would provide competitors with insights into the Company's proprietary technologies and processes, arm bad actors with critical information about Block's anti-fraud and risk control systems, and chill Board discussions and deliberations necessary to operating a well-functioning business.

Plaintiff has informed Defendants that he has no objection to the confidentiality designations in the Complaint.  Lutz Decl. ¶ 13.  Block submits its own proposed redactions with this response to ensure that the redactions to the Complaint are consistent and narrowly tailored.  Because publication would harm Block and its stockholders, and because the redacted confidential information would not assist the public in its understanding of the judicial process, Block respectfully requests that the Court seal the Complaint at Docket Number 1 in its entirety and adopt the redacted version of the Complaint in Exhibit A to the Lutz Declaration.

## II. LEGAL STANDARD

Although there is a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), "access

to judicial records is not absolute," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Sec. People, Inc.*, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (collecting cases). "Compelling reasons" exist "when such 'court files might have become a vehicle for improper purposes,'" including the use of records to release confidential business information. *Kamakana*, 447 F.3d. at 1179.

### III. ARGUMENT

The Complaint quotes or summarizes in detail portions of Block's books and records that reflect highly sensitive and confidential information. Block provided these records to Plaintiff pursuant to Section 220 of the Delaware General Corporation Law on the conditions set out in the parties' confidentiality agreement. Lutz Decl. ¶¶ 2–4. Revealing this competitively sensitive and confidential information would injure Block, the real party in interest in this lawsuit, as well as its stockholders. *See In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

**A.     There Are Compelling Reasons to Seal the Board and Audit and Risk Committee Materials.**

The Complaint refers to discussions, deliberations, and priorities of Block's Board and its Audit and Risk Committee, which assists the Board on certain financial, accounting, and compliance matters. The Complaint also refers to materials reviewed by and informing discussions between and among the Board and Audit and Risk Committee. Block takes care to maintain the confidentiality of these materials in the ordinary course and does not disclose Board and Audit and Risk minutes and materials publicly. Lutz Decl. ¶¶ 8–9; *see Kamdem-Ouaffo v. Idahoan Foods LLC*, 243 F. Supp. 3d 1130, 1145-46 (D. Idaho Mar. 20, 2017) (sealing board minutes that were "treated as highly confidential by the company and not distributed outside the Board and select members of the company's executive team"), *aff'd*, 789 F. App'x 75 (9th Cir. 2020).

Courts across the country recognize the pressing business need to protect the confidentiality of corporate boards' internal deliberations. As the Delaware Court of Chancery has explained, "mak[ing] public the preliminary discussions, opinions, and assessments of board members and other high-

ranking employees . . . would surely have a chilling effect on board deliberations." *Disney v. Walt Disney Co.*, 2005 WL 1538336 (Del. Ch. June 20, 2005); *see also City of Roseville Emps. Ret. Sys. v. Crain*, 2013 WL 4509970, at *1 (D.N.J. Aug. 22, 2013) (same). Similarly, courts regularly seal confidential materials provided to directors under the compelling interest standard because "the disclosure of [this information] could adversely affect future deliberations by the board." *In re Zillow Grp., Inc. S'holder Deriv. Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019); *see also Guo v. Woodman*, 2018 U.S. Dist. LEXIS 28065, at *3-4 (N.D. Cal. Feb. 21, 2018) (sealing "confidential information contained in Board meeting agendas, minutes, packages, and presentations"); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, 2015 WL 11201172, at *3 (S.D. Cal. Oct. 28, 2015) (finding good cause to seal exhibits containing board minutes.). Public disclosure of the discussions of, and materials provided to, the Board and Audit and Risk Committee would impede these bodies' ability to maintain the open and forthright deliberations that enable the best strategic decision-making for the Company.

**B.     There Are Compelling Reasons to Seal the Materials Relating to Block's Risk Control Systems.**

The Complaint also quotes and summarizes highly sensitive information about Block's strategies, practices, and operations, including details regarding the operations of its proprietary risk control and anti-fraud systems, internal data and conclusions reflecting the results of those systems, and high-level business strategies. Lutz Decl. ¶ 9. This information is derived from confidential Board and Audit and Risk Committee minutes and materials, and should be kept confidential for the independent reason that disclosure would cause competitive harm to Block and hamper Block's efforts to prevent and combat future fraud and illegal activity on its platform. Lutz Decl. ¶¶ 8–9.

*First*, Block has developed and maintains approaches, processes, and technologies to control the risk of fraud and other illegal behavior on its platform. Public disclosure of details and data concerning these approaches, processes, and technologies would allow competitors to gain insight into these practices and use those strategies to Block's competitive disadvantage. Lutz Decl. ¶ 9. Courts in this Circuit routinely seal materials that would expose the details of financial institutions' fraud prevention systems for just this reason under the compelling interest standard. *See Cowan v. G.E. Cap.*

*Retail Bank*, 2015 WL 1324848, at *3 (N.D. Cal. Mar. 24, 2015) (granting motion to seal documents that "describe internal procedures for addressing cardholder fraud notifications, as well as risk management and legal compliance in investigating fraud"); *East West Bank v. Shanker*, 2021 WL 3112452, at *18-19 (N.D. Cal. July 22, 2021) (finding compelling reasons to seal where public disclosure of bank's fraud prevention measures would "harm [the bank's] competitive standing"); *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 2024 WL 4820704, at *4 (S.D. Cal. Nov. 12, 2024 (sealing bank's fraud prevention strategies because, among other considerations, it could result in competitor's "gaining access to and using those strategies to its competitive disadvantage"); *see also Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (compelling reasons to seal portions information referencing Google's internal strategic decisions, policies, and processes related to detecting and responding to advertising fraud on its platforms).

*Second*, if details concerning Block's fraud prevention and risk control processes were made public, bad actors could attempt to use this information to circumvent those protections and commit fraud or conduct other illicit activity on Block's platform. Because the redacted portions of the Complaint include specific details about Block's investigative processes and controls and monitoring technologies, public disclosure presents a real and present security risk to Block and its users. Lutz Decl. ¶ 9. Courts in this Circuit routinely find this justification to seal compelling. *See In re Bank of Am. California Unemployment Benefits Litig.*, 2024 WL 4820704, at *4 (S.D. Cal. Nov. 12, 2024) ("A bank's internal investigative processes and procedures in addressing fraud constitute compelling reasons that support sealing those documents in order to prevent and combat future fraud"); *Soria v. U.S. Bank N.A.*, 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019) (sealing under compelling interest standard bank's investigative procedures, including how it internally investigates alleged incidents of fraud because "public disclosure of this information may impede [the bank's] ability to identify and combat future instances of fraud"); *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (sealing under compelling interest standard "descriptions of the information and processes required to conduct searches of transactions and users on Defendant's internal systems" because "public disclosure of this information could impede Defendant's ability to combat future fraud"); *Activision Publ'g, Inc. v. EngineOwning UG*, 2023 WL 2347134, at *1-2 (C.D. Cal. Feb. 27,

2023) (finding compelling reasons to seal video game company's anti-cheating efforts and attendant data because disclosure risked hindering "ability to identify and combat future fraud").

### C. A Less Restrictive Alternative to Sealing Is Not Sufficient.

Block has submitted its own version of the redacted Complaint to address minor inconsistencies in Plaintiff's redactions, ensuring that the redactions to the Complaint are narrowly tailored. *See* Lutz Decl. ¶ 10; *id.*, Ex. A. Block proposes minimal additional redactions to ensure that sensitive and detailed non-public information that is properly redacted in certain portions of the Complaint is redacted consistently throughout. Block also proposes that certain portions of the Complaint be unredacted, as Block requests to seal only the most sensitive and detailed non-public information in the Complaint. Because the unredacted portions of the Complaint as proposed by Block will provide sufficient notice of the general nature of the redacted material, releasing the confidential redacted information would not assist the public in its understanding of the judicial process. In contrast, revealing this information to the public jeopardizes Block's competitive standing, threatens greater fraudulent activity on the platform, and risks chilling frank deliberations on issues critical to the Company. In this stockholder derivative lawsuit, where "the corporation is the real party in interest," *In re Digimarc Corp. Deriv. Litig.*, 549 F.3d at 1234, the risks at stake for Block and its shareholders heavily favor sealing the redacted material.

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Block respectfully requests that the Court grant Plaintiff's Administrative Motion Pursuant to Local Rule 79-5 to File Portions of Plaintiffs Verified Shareholder Derivative Complaint Under Seal, seal the Complaint at Dkt. No. 1 in its entirety, and adopt the limited redactions identified in Exhibit A to the Lutz Declaration.

Dated: May 1, 2025                    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Brian M. Lutz

Brian M. Lutz, SBN 255976
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

*Attorneys for Nominal Defendant Block, Inc. and Defendants Jack Dorsey, Amrita Ahuja, Roelof Botha, Amy Brooks, Shawn Carter, Paul Deighton, Randy Garutti, James Mckelvey, Mary Meeker, Anna Patterson, Sharon Rothstein, Lawrence Summers, and David Viniar*